IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TENISHA TATE-AUSTIN, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>JANETTE C. MILLER, et al.,<br><br>　　　　　Defendants. | Case No. 21-cv-09319-MMC<br><br>**ORDER GRANTING MILLER DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT; DISMISSING PLAINTIFFS' SEVENTH CLAIM FOR RELIEF AS ASSERTED AGAINST MILLER DEFENDANTS; VACATING HEARING** |

　　　　Before the Court is defendants Miller and Perotti Real Estate Appraisals, Inc. ("MPREA") and Janette C. Miller's ("Miller") (collectively, "Miller Defendants") Motion,[1] filed June 27, 2022, to dismiss, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Seventh Claim for Relief asserted against them in plaintiffs Tenisha Tate-Austin, Paul Austin (collectively, the "Austins"), and Fair Housing Advocates of Northern California's ("FHANC") First Amended Complaint ("FAC").  Plaintiffs have filed opposition, to which the Miller Defendants have replied.  Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter appropriate for decision on the parties' respective written submissions, VACATES the hearing scheduled for August 26, 2022, and rules as follows.

　　　　In their Seventh Claim for Relief,[2] plaintiffs allege the Miller Defendants negligently misrepresented "that they were providing an unbiased appraisal of [the Austins' house],"

---

　　　　[1] On May 19, 2022, defendant AMC Links LLC filed an answer to the FAC.

　　　　[2] The Seventh Claim for Relief is brought only by the Austins.

and that the Austins "reasonably relied" on such representations "in attempting to secure a mortgage loan with favorable terms." (See FAC ¶¶ 104-106.)

To state a claim for negligent misrepresentation, a plaintiff must allege "(1) the misrepresentation of a past or existing fact, (2) without reasonable ground for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) justifiable reliance on the misrepresentation, and (5) resulting damage." See Apollo Cap. Fund, LLC v. Roth Cap. Partners, LLC, 158 Cal. App. 4th 226, 243 (2007). Here, as set forth below, plaintiffs have failed to allege the requisite reliance on the Miller Defendants' alleged misrepresentations.

Although plaintiffs assert the Austins "reasonably relied on defendants' representations" (see FAC ¶ 106), nothing in the FAC states, or even suggests, the Austins believed the representations in the Miller Defendants' appraisal report were true. Rather, plaintiffs allege the Austins were "shocked" by the report, did not use it, and, instead, contacted their broker to request a "second appraisal from a different appraiser" (see FAC ¶ 68), as they needed an appraisal in order to "refinance [their] mortgage" (see FAC ¶ 20). Contrary to plaintiffs' contention, however, the need for an appraisal is not "sufficient . . . to fulfill the element of reliance." (See Opp. at 3:21-4:1); see also Kwikset Corp. v. Superior Court, 51 Cal. 4th 310, 326 n.10 (2011) (noting "reliance" means "reliance on a statement for its truth and accuracy," and "not merely on the fact it was made"); Buckland v. Threshold Enters., Ltd., 155 Cal. App. 4th 798, 808 (2007) (holding "reliance occurs only when [a] plaintiff reposes confidence in the *truth* of the relevant representation, and acts upon this confidence; finding, where plaintiff "suspected" defendants' misrepresentations were "false or misleading," plaintiff "lacked the requisite confidence" and could not "establish actual reliance"); Morizur v. Seaworld Parks & Ent., Inc., Case No. 15-cv-02172-JSW, 2020 WL 6044043, at *15 (N.D. Cal. Oct. 13, 2020) (holding, where "plaintiff d[oes] not actually believe the representation at issue, there can be no actual reliance on it").

Likewise unavailing is plaintiffs' allegation that, had the Austins known the Miller

2

Defendants would make misrepresentations in the report, the Austins "would not have used the Miller Defendants to appraise their house." (See FAC ¶ 68.) As the Miller Defendants point out, it is "illogical to argue" that, in allowing the Miller Defendants to conduct the appraisal, the Austins relied on misrepresentations made in a report prepared after the appraisal was conducted. (See Mot. at 6:2-4.)[3]

## CONCLUSION

Accordingly, the instant motion to dismiss is hereby GRANTED, and plaintiffs' Seventh Claim for Relief, as asserted against the Miller Defendants, is hereby DISMISSED without further leave to amend.

**IT IS SO ORDERED.**

Dated: August 22, 2022

MAXINE M. CHESNEY
United States District Judge

---

[3] In light of the above findings, the Court does not address herein the Miller Defendants' additional arguments in support of dismissal.